**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| REGINALD L. ROBINSON, : <br> 6236 Targon Court : <br> Fort Washington, MD 20744 : <br>  : <br> Plaintiff, : <br>  : <br> v. : <br>  : <br> EXPERIAN INFORMATION SOLUTIONS, INC., : <br> 505 City Parkway West : <br> Orange, CA 92668 : <br>  : <br> and : <br>  : <br> CELLCO PARTNERSHIP d/b/a VERIZON : <br> WIRELESS, : <br> 1 Verizon Way : <br> Baking Ridge, NJ 07920 : <br>  : <br> Defendants. : <br> _____: | Civil Action No. 17-1389 |

## COMPLAINT

COMES NOW Plaintiff, Reginald L. Robinson, ("Plaintiff"), by counsel, and files this Complaint against Experian Information Solutions, Inc. ("Experian") and Cellco Partnership d/b/a Verizon Wireless ("Verizon") (collectively "Defendants"). Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages; costs; and attorney's fees against all Defendants pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 168l(p).

3. Venue is proper in this Court pursuant to LR 504(4)(b)(ii) because Plaintiff—the only Maryland resident—resides in this District and Division.

**PARTIES**

4. Plaintiff is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5. Experian is a foreign limited liability company doing business in the State of Maryland. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

6. Verizon is a foreign corporation operating as a national provider of wireless telecommunications products and services. At all times relevant, Verizon was a "furnisher" as governed by the FCRA.

**FACTS**

7. In April 2011, Plaintiff set up an account with Verizon for service that included rental of two set top boxes from Verizon.

8. Plaintiff terminated his account with Verizon and returned the two set top boxes to a Verizon store on or around August 6, 2014.

9. After Plaintiff returned all of the equipment, Verizon sent Plaintiff a letter dated June 25, 2014, stating that Plaintiff still had Verizon's equipment in its possession and directed Plaintiff to return the equipment as quickly as possible to avoid non-return fees of up to $500 per item.

10. The letter listed three set top boxes, including the two that Plaintiff rented and returned to Verizon. Plaintiff was never in possession of the third set top box listed in Verizon's letter.

11. Plaintiff subsequently called Verizon and explained that he had returned all of Verizon's equipment.

12. In September 2014, Plaintiff received an invoice from Verizon, indicating that he owed Verizon $401.14 for an unreturned set top box.

13. On September 15, 2014, Plaintiff sent written correspondence to Verizon disputing the overdue balance and explaining that Plaintiff had returned all of Verizon's equipment.

14. In early 2016, Plaintiff obtained a copy of his credit report that reported his Verizon account as $401 past due.

15. On or around February 9, 2016, Plaintiff disputed the Verizon account with Experian, indicating that they were unauthorized charges for failure to return equipment he never received.

16. Experian received, but ignored, Plaintiff's dispute, refusing to delete the inaccurate information from Plaintiff's credit file.

17. As a standard practice, Experian does not conduct an independent investigation but merely parrots the response of furnishers, such as Verizon, despite numerous court decisions admonishing this practice. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

18. Upon information and belief, and consistent with Experian's standard policies and procedures, Experian automatically generated its "investigation" results once Verizon provided its response to Plaintiff's disputes, verifying the status of the account.

19. Upon information and belief, and consistent with Experian's standard policies and procedures, no Experian employees took any additional steps after Verizon provided its response to Plaintiff's disputes.

20. Instead, Experian blindly accepted Verizon's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit report.

21. After failing to properly investigate the Plaintiff's disputes to the credit bureaus, Verizon acknowledged that Plaintiff should not have a balance on his account and removed the disputed charges.

22. Experian continues the practice of parroting the response from the furnisher even though it has been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

23. Defendants do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

24. Instead, Defendants intentionally choose not to comply with the FCRA in order to keep their costs low. Accordingly, Defendants' violations of the FCRA were willful.

### COUNT ONE:
### Violation of 15 U.S.C. § 1681e(b)
### (EXPERIAN)

25. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

26. Experian violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

27. As a result of Experian's conduct, Plaintiff suffered actual damages, including without limitation: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

28. Experian's conduct in violating § 1681e(b) was willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

## COUNT TWO:
### Violation of 15 U.S.C. § 1681i
### (EXPERIAN)

29. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

30. Experian violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly delete the disputed, inaccurate information from Plaintiff's credit file in violation of §1681i(a)(5)(A).

31. As a result of Experian's violation of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and emotional distress.

32. Experian's conduct in violating § 1681i was willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount

5

to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

**COUNT THREE:**
**Violation of 15 U.S.C. §1681s-2(B)(1)(A)**
**(VERIZON)**

33. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

34. On one or more occasions within the past two years, by example only and without limitation, Verizon violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

35. When Plaintiff disputed his account with Experian, Experian used a dispute system named, "e-Oscar," which has been adopted by the credit reporting agencies and their furnisher-customers such as Verizon. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systemic and uniform.

36. When Experian receives consumer disputes, it (usually via an outsourced vendor) translates each dispute into an automated consumer dispute verification ("ACDV") form.

37. Upon information and belief, the ACDV form is the method by which Verizon has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

38. Upon information and belief, Plaintiff alleges that Experian forwarded Plaintiff's dispute via an ACDV to Verizon.

39. Verizon understood the nature of Plaintiff's disputes when it received the ACDV form.

40. When Verizon received the ACDV form, Verizon could have reviewed its own system and previous communications with Plaintiff and discovered additional substance of Plaintiff's dispute.

6


41. Had Verizon searched its own files concerning Plaintiff's account, Verizon would have discovered that Plaintiff had disputed the fee as inaccurate with Verizon directly; that, during the time Plaintiff's account was active, Verizon billed Plaintiff for only two—not three—set top boxes; and that Plaintiff returned the two set top boxes to Verizon upon termination of the services

42. Instead, Verizon follows a standard and systemically unlawful process when it receives the ACDV form. Essentially, Verizon only reviews its own internal computer screen for the account and repeats back the same information to the ACDV system that was previously reported to the credit reporting agency.

43. Upon information and belief, when Verizon receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

44. As a result of Verizon's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

45. Verizon's conduct in violating §1681s-2(b)(1)(A) was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Verizon was negligent, entitling Plaintiff to recovery under 15 U.S.C. §1681o.

46. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Verizon in an amount to be determined pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT FOUR:**
**Violation of 15 U.S.C. §1681s-2(b)(1)(B)**
**(VERIZON)**

47. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

48.     On one or more occasion within the past two years, by example only and without limitation, Verizon violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian.

49.     As Plaintiff detailed in the previous Count, Verizon has elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

50.     Verizon is aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

51.     Verizon does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

52.     Verizon understood Plaintiff's disputes and that Plaintiff claimed the information was inaccurate.

53.     As a result of Verizon's violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

54.     Verizon's conduct in violating 15 U.S.C. § 1681s-2(b)(1)(B) was willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Verizon was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

55.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; his attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

                                          Respectfully submitted,
                                          **REGINALD ROBINSON**

By:    */s/ Kristi C. Kelly*
Kristi C. Kelly, Esq. (No. 07244)
K<small>ELLY</small> & C<small>RANDALL</small>, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyandcrandall.com
*Counsel for Plaintiff*